O’SCANNLAIN, Circuit Judge,
dissenting:
Because I believe that the ALJ’s Residual Functional Capacity (“RFC”) determination at step four reflects a rational interpretation of Dr. Bennett Goss’s opinion, I must respectfully dissent from the court’s decision.
The ALJ credited Dr. Goss’s opinion that Taylor could not work if he was required “to be on his feet for any significant length of time.” My colleagues conclude that it is irrational to credit this opinion, yet to arrive at the ALJ’s RFC determination.
“Dr. Goss’s opinion,” the ALJ stated, “is consistent with results of a physical capacity assessment ..., which suggested an ability to perform sedentary work on a full-time basis with standing in a stationary position for up to two hours of an eight-hour workday and walking and moving about for up to four hours of an eight-hour workday.” It would be quite unusual for an ALJ to contradict himself in the same sentence, so we ought not reverse unless we are compelled to do so. See Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir.2004).
We are not so compelled. In my view, it was not contradictory for the ALJ to determine that Taylor can stand or walk between two to four hours in an eight hour work day while at the same time believing that he should not be on his feet for any significant length of time. The hours of standing or walking might be broken up throughout the day, perhaps into half-hour segments, for example.
This may not be the most natural accommodation of Dr. Goss’s opinion, but it is a rational one. Thus, I do not think we are compelled to find the ALJ’s RFC determination is irrational. I therefore respectfully dissent.